UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2021-CR-10354-WGY(8)

UNITED STATES OF AMERICA

V.

CHAROD TAYLOR

### INFORMATIONAL MEMORANDUM REGARDING PLEA AGREEMENT

Now comes the defendant, Charod Taylor, and respectfully addresses a disagreement between the parties regarding the Federal Sentencing Guidelines associated with his plea to Counts 2 and 12 of the instant indictment. The government contends that Mr. Taylor is a career offender. He disputes that designation.

This memo is not all encompassing and, at most, outlines the basis of the parties' differing positions regarding whether Mr. Taylor is a career offender. It is being filed only to assist the Court with respect to the defendant's change of plea. It does contain all of Mr. Taylor's arguments in opposition to the contention that he is a career offender.

Mr. Taylor is pleading guilty to conspiracy to commit racketeering and conspiracy to distribute/possess with intent to distribute cocaine base and cocaine. Mr. Taylor is admitting that he conspired to distribute crack cocaine with other persons affiliated with a gang know as Cameron Street. The government contends, and Mr. Taylor is not disputing, that he distributed

135 grams of crack cocaine and 8 grams of powder cocaine.

**Various Possible Guidelines Calculations.**

Mr. Taylor's Guidelines, based on the drugs for which he is responsible are 26 - 3 (acceptance of responsibility) = 23. His prior criminal record places him in Criminal History Category III. If Mr. Taylor is not a career offender his Guidelines range is 57 to 71 months.

If not for the government's contention that Mr. Taylor is a career offender and consistent with the directive in United States Attorney General Garland's memo from December 2022, (consistent with the Equal Act, it is the policy of the U.S. Attorney to recommend the cocaine, as opposed to the cocaine base, Guidelines) the government would recommend that the Court should treat Mr. Taylor as though his Guidelines are 16 - 3 (acceptance of responsibility) = 13. The sentencing range for Guidelines of 13/III is 18 to 24 months.[1]

In paragraph 3 of the plea agreement between the defendant and the government, the United States Attorney contends that Mr. Taylor is a career offender. The government contends that Mr. Taylor's Guidelines are 32 - 3 (acceptance of responsibility) =

---

[1] But, pursuant to USSG, §2E1.1(a)(1), the government likely would limit it's relief pursuant to the Garland memo because of the conspiracy to commit racketeering conviction. That would set the Government recommendation at 19 - 3 (for acceptance of responsibility) = 16. The sentencing range for Guidelines of 16/III is 27 to 33 months.

29. The sentencing range for Guidelines of 29/VI is 151 to 188 months.

**Argument for Career Offender Designation.**

The government contends that, pursuant to USSG, §4B1.1(a), Mr. Taylor is a career offender because he has two or more prior felony convictions of either a crime of violence or a controlled substance offense. Mr. Taylor has three prior convictions which the government contends are career offender predicate convictions. They are convictions from the Boston Municipal Court [BMC] (BMC-Central Division and BMC-Dorchester Division) and Suffolk Superior Court which occurred in 2015-17. They are convictions for distribution/possession with intent to distribute Class D (Marijuana) in the BMC-Central and BMC-Dorchester and a conviction for possession with intent to distribute cocaine in Suffolk Superior. There's another similar marijuana conviction associated with the Superior Court case, but it doesn't count as a separate conviction from the cocaine conviction.

**Argument Against Career Offender Designation.**

Mr. Taylor contends that, pursuant to U.S. v. Abdulaziz, 998 F.3rd 519 (1st Cir. 2021) he's not a career offender because, when he was charged with the state distribution and possession with intent to distribute marijuana offenses, Massachusetts still included hemp in its definition of marijuana. Hemp is no

longer considered marijuana by either the United States or the Commonwealth of Massachusetts. If Abdulaziz applies to Taylor's case, he is not a career offender because according to the so-called categorical approach, the state marijuana convictions are not considered controlled substance offenses.

**Application Note 4 to USSG, §4B1.1.**

If Abdulaziz does not apply to Mr. Taylor's case[2] and he is determined to be a career offender, pursuant to Application Note 4 to USSG, §4B1.1, the Court should depart from the Guidelines. Application Note 4 (Departure Provision for State Misdemeanors) provides that when a prior felony conviction which triggers the career offender designation is "classified as a misdemeanor at the time of sentencing for the instant federal offense, application of the career offender guideline may result in a guideline range that substantially over represents the seriousness of the defendant's criminal history or substantially overstates the seriousness of the instant offense. In such a case, a downward departure may be warranted ..."

In Massachusetts, the maximum penalty for distribution/possession with intent Class D is 2 years in the House of Correction. See, M.G.L. c. 94C, sec. 32C(a). Accordingly, under Massachusetts law (M.G.L. c. 274, §1) those

---

[2] See Brown v. United States, 144 S. Ct. 1195 (May 23, 2024)

4

convictions are misdemeanors.  Thus, it is Mr. Taylor's contention that even if the Court rules that he is a career offender, he should receive a sentence below the career offender Guidelines.

Mr. Taylor will be recommending a sentence in line with his non-career offender Guidelines and consistent with the 2022 Garland memo referenced above.  The government, for its own unique reasons, will be recommending 96 months.

Mr. Taylor acknowledges in the plea agreement that the Court is not required to follow either of the parties' calculations or even to sentence him within the Guidelines and that Mr. Taylor may not withdraw his guilty plea if he disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

**Respectfully Submitted,**
**CHAROD TAYLOR,**

**By his attorney:**

/s/ Thomas Kerner
_____
**THOMAS KERNER**
**MA BBO # 552373**
**Attorney at Law**
**240 Commercial St., Suite 5A**
**Boston, MA  02109**
**(617) 720-5509**
**thomas.kerner@comcast.net**

**CERTIFICATE OF SERVICE**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing [NEF] and paper copies will be sent to those indicated as non-registered participants.

**Date:**   10/2/2024                    /s/ Thomas Kerner

                                                      **J. Thomas Kerner**
                                                      **BBO# 552373**